IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN L. MENDEZ, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 08-416-JJF |
| COUNSELOR MS. JOHNSON, et al., | : |
| Defendants. | : |

**ORDER**

1. Plaintiff, Ivan L. Mendez, SBI #453351, a pro se litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee.

2. The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury.

3. Plaintiff, while incarcerated, has filed at least three

civil actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted as follows: See Mendez v. Delaware Corr. Ctr., Civ. No. 05-303-JJF (Dec. 1, 2005); Mendez v. Delaware Legal Sys., Civ. No. 05-304-JJF (Dec. 1, 2005); Mendez v. Delaware State, Civ. No. 05-305-JJF (Dec. 1, 2005); Mendez v. Delaware Psychiatric Ctr., Civ. No. 05-306-JJF (Dec. 1, 2005). After reviewing the Complaint, the Court determines that Plaintiff has adequately alleged that, at time of the filing of the Complaint, he was under imminent danger of serious physical injury. See Williams v. Forte, No. 04-2071, 135 Fed. Appx. 520 (3d Cir. 2005); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001).

4. Consistent with 28 U.S.C. § 1915(a)(1), Plaintiff has submitted an affidavit stating that he has no assets with which to prepay the filing fee. Based on Plaintiff's affidavit, his request to proceed in forma pauperis is **GRANTED**. (D.I. 1.)

5. Notwithstanding the above, pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff shall be assessed the filing fee of $350.00. In order to determine the schedule of payment of the filing fee, Plaintiff shall submit to the Clerk of Court, a certified copy of his trust fund account statement (memorandum or institutional equivalent, with attachments) **showing all deposits, expenditures and balances** during the six-month period immediately preceding the filing of the complaint, obtained from the

appropriate official at the institution at which Plaintiff is confined. **FAILURE OF THE PLAINTIFF TO RETURN THE REQUESTED INFORMATION WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.**

6. Unless the Court determines from Plaintiff's financial information that he has no assets whatsoever, an initial partial filing fee of 20 percent (20%) of the greater of Plaintiff's average monthly deposit or average monthly balance in the trust fund account shall be required to be paid before the court reviews the complaint. **NOTWITHSTANDING ANY PAYMENT MADE, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

DATED: July 30, 2008

_____
United States District Judge

3